RUSSELL v. BOTHWELL & SWANER CO. et al.

No. 3488.   Decided December 8, 1920.   (194 Pac. 1109.)

CONTRACTS—CONTRACT REMEDY FOR OWNER'S DELAY HELD EXCLUSIVE. Where a contract to furnish labor for constructing buildings provided for extension of time because of owner's delay, *held*, that plaintiff contractor could not recover nor enforce a mechanic's lien for time lost through defendant owner's delay in furnishing material, which default did not result from fraudulent, malicious, capricious, or unreasonable conduct; the contract remedy being exclusive.

Appeal from District Court, Second District, Weber County; *A. W. Agee,* Judge.

Action by J. P. Russell against the Bothwell & Swaner Company and others to foreclose a mechanic's lien. Judgment for plaintiff, and defendants appeal.

REMANDED to the district court, with directions to correct its findings of fact and judgment, AND IN OTHER RESPECTS AFFIRMED.

*Martineau & Evans,* of Salt Lake City, and *Joseph E. Evans,* of Ogden, for appellants.

*J. N. Kimball,* of Ogden, for respondent.

WEBER, J.

In the year 1917, prior to July 16th, the defendant Bothwell & Swaner Company (hereinafter designated company) entered into a contract with its codefendant Louie B. Ford to construct a dwelling for said codefendant. The defendant

company agreed to furnish all material and labor for the erection of such building. On July 16th of that year the company entered into a written contract with plaintiff to furnish all the labor for the carpenter work on said building. The plaintiff entered upon the work on the date of the contract and continued to work upon the building until July 6, 1918. The work was not continuous, but was delayed during the winter months and at other times. The court found that on this last date the defendant company violated its contract, and the plaintiff thereafter did no work upon the building. Following the violation of the contract, the plaintiff filed a mechanic's lien for the amount claimed to be due him for work done under the contract, for certain amounts claimed as due him for time lost caused by the failure of the company to furnish bricks and other materials to be used in the erection of the building. This action was instituted to foreclose that lien. Plaintiff had judgment, and defendants appeal.

In the contract between the plaintiff and the defendant company the plaintiff is designated "contractor," and the defendant company "owner." The only reference to the time of doing the work is found in the sixth paragraph of the contract and is as follows:

"The contractor [plaintiff] shall commence his work as soon as it is ready for him, and will keep at least four workmen on the job at all times that there is work for them, causing no unnecessary delay."

The seventh paragraph of the contract is as follows:

"Should the contractor be delayed in the completion or prosecution of the work by the act, neglect, or default of the owner or by any damage caused by fire or other casualty for which the contractor is not responsible, or by general strike or lockout caused by act of employés and beyond the control of the contractor, then the time herein specified for the completion of the work may be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, provided a claim for such allowance is presented in writing to the owner within 48 hours after the occurrence of such delay, and provided such allowance is determined by agreement in writing of the parties hereto."

The court, among other things, found:

"That the defendant company failed to perform the conditions

of said contract upon its part to be performed by delaying work thereon from time to time in failing to furnish material to be used upon and in said building in said carpenter work, and in failing to have other work done upon said building necessary and proper to be done so that the carpenter work could be done; that said delay of said defendant aggregated 39 days, as follows: 15 days in the summer of 1917 because defendant failed to furnish brick for the building of said building; 24 days in the winter of 1917-1918, because of the failure of the defendant to furnish and provide for the plastering of said building so that the carpenter work could proceed."

There is no testimony that the delay was the result of fraudulent, malicious, capricious, or unreasonable acts or conduct on the part of the defendant company to delay or harass the plaintiff in the prosecution of the work. On the contrary, the testimony tends to show that it was the earnest desire of the defendant company that the work be prosecuted with all reasonable dispatch. The legal question therefore before this court for review is: Can the plaintiff, by reason of the provisions of the contract, recover for the loss of time or delay caused by said defendant?

The Supreme Court of Washington, in construing a provision of a building contract almost identical with the one found in this contract, in *Goss* v. *Northern Pacific Hospital Ass'n of Tacoma*, 50 Wash. 238, 96 Pac. 1079, says:

"For conditions which arise in the execution of a contract and for which the contract itself makes no provision the courts are at liberty to apply the ordinary legal remedies, when these conditions become a subject of controversy between the contractors; but where the probability of the happening of the condition has been foreseen, and a remedy is provided for its happening, the presumption is that the parties intended the prescribed remedy as the sole remedy for the condition, and this presumption is controlling where there is nothing in the contract itself or in the conditions surrounding its execution that necessitates a different conclusion. So in this case, since the parties foresaw that the appellant might be delayed in the execution of his part of the work by the failure of the party having the contract for the plumbing and heating part to perform its work on time, and provided in the contract that the remedy therefor should be an extension of time on his part to perform the work, the presumption arises that this was intended to measure the rights of the contractor thereunder."

See, also, *Haydenville Min. & Mfg. Co.* v. *Art Institute* (C. C.) 39 Fed. 484; *Richards* v. *Clark*, 43 Misc. Rep. 622, 88 N. Y. Supp. 242; *Norcross* v. *Wills*, 198 N. Y. 336, 91 N. E. 803.'

We are cited to no authority holding contrary to the conclusion of the Washington court.

There are other matters discussed by appellant, but we are satisfied from an examination of the record that there is ample testimony to support the other findings of the court and its conclusions; hence the other errors assigned do not' warrant further consideration.

The cause will therefore be remanded to the district court, with directions to correct its findings of fact and judgment by eliminating the amount awarded plaintiff for the loss of time. In all other respects the judgment is affirmed.

The appeal in this case was taken from the entire judgment. Costs will therefore be equally divided between the appellants and respondent.


CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.