**UNITED STATES, to Use of BROWN et al.**
**v. MILLER–DAVIS CO. et al.**

Civ. A. No. 1208.

District Court, D. Connecticut.
April 20, 1945.

Sidney Vogel and Vogel & Sigsway, all of South Norwalk, Conn., for plaintiff.

James W. Carpenter and Day, Berry & Howard, all of Hartford, Conn., for defendants.

SMITH, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. §§ 270a–270d, against a general contractor and sureties on his bond, brought for the use of a subcontractor for electrical work and materials and for damages for delay.

Originally, in addition to the claim for delay, ten items were in dispute. Six of these items, totaling $403.58 are now admitted by the defendants, leaving in dispute only the following items, (b) and (c), $45.33 and $100.74 for the placing of additional stringers and rafters (also the subject of the counterclaim), (h), $238.74 representing one-half the charge for rewiring six B.O.Q's at the request of the defendant Miller-Davis Company, and $633.08 representing deductions for work and labor eliminated by alterations in the original contract.

It is admitted that payment has been withheld in the amount of all these items.

In the course of construction of a building known as the MRS building, where the original plans called for suspending light fixtures from the roof, government inspectors requested that they be hung from a lower level, by the installation of additional stringers and rafters. Defendant Miller-Davis Company which was required to furnish all carpentry work under its original contract, was requested by the plaintiffs to install the stringers and rafters and did so at a cost of $45.33 and $100.74 for labor, the government furnishing the lumber. The testimony established that the change was for the benefit of and at the request of the government and it must have been so understood by Miller-Davis. Perhaps the requisite formalities were not carried through to establish the claim against the government, but there appears no basis for charging it back against the plaintiffs.

The plaintiffs produced testimony that six B.O.Q's were rewired at the request of defendant Miller-Davis Company at an additional cost of $477.48. The defendants do not dispute the request to rewire some of the B.O.Q's, and do not seriously dispute the reasonableness of the amount, $477.48 if six were rewired. The only positive testimony is that produced by the plaintiffs placing the number at six, which testimony seems entirely worthy of credit.

On a building designated as S.P. 14, the plans were altered by the United States after execution of the subcontract, eliminating electrical work and material in the amount of $633.08. The plaintiffs were bound by the contract to accept such changes and deductions therefor. They admit the claim is "tenuous". The deduction was properly made under the terms of the contract.

The largest item in the claim of the plaintiffs is that for damages for delay, as to which they have submitted evidence of the cost of maintaining supervisory personnel and equipment on the job from July 12, 1942, the completion date of the original subcontract to August 26, 1942, which together with insurance, overhead, and profit items amount in all to $3,923.60.

The completion date for the plaintiffs with penalties attached, may well be held to carry with it a contractual duty on the defendants to have the work in condition for the plaintiffs to start the electrical work a reasonable time before the completion date. Great Lakes Constr. Co. v. Republic Creosoting Co., 8 Cir., 1943, 139 F.2d 456.

Plaintiffs fail here to establish the claim for damages for delay on two grounds, however. The principal contract provided for extensions of completion dates by the United States on certain conditions, and such extensions were later obtained by defendant Miller-Davis Company on all delays which involved electrical work. Moreover, the only period for which proof of damage is attempted, July 12–August 26, 1942, is a period during which plaintiffs used some or all of this supervisory personnel and equipment on supplemental and additional subcontracts on the same project, having completion dates as late as August 27, 1942 in one instance. No damages for delay caused by defendant Miller-Davis Company are established.

Plaintiffs are entitled to recover the following amounts: the items totalling $403.58 which are admitted, item (b) $45.33 and (c) $100.74 for the charge back for stringers and rafters, and item (h) $238.74 for the charge back of 50% of the claim for rewiring the six B.O.Q's, a total of $788.39.

## Finding of Facts

1. This is an action brought under the Miller Act. Act of August 24, 1935, Ch. 642, 49 Stat. 793, 794, 40 U.S.C.A. §§ 270a–270d.

2. On March 31, 1942, the United States and the defendant Miller-Davis Company entered into a written contract for the construction by the Miller-Davis Company of certain buildings and structures at Windsor Locks, Connecticut.

3. The defendant Miller-Davis Company, as principal, and the defendants Seaboard Surety Company and Yorkshire Indemnity Company, as sureties, entered into a payment bond in the sum of $494,429.61 conditioned on the payment by Miller-Davis Company of all persons supplying labor and material on the work covered by the construction contract.

4. Final settlement between the United States and Miller-Davis Company under the contract was made on November 25, 1943.

5. In April, 1942, the plaintiffs entered into a subcontract with the defendant Miller-Davis Company to furnish all labor and material required to do the electrical work in accordance with the contract referred to in paragraph 2 above, for the sum of $34,500.

6. The original principal contract required completion of construction by Miller-Davis Company by July 12, 1942.

7. The contract also provided that changes might be made in the plans and specifications by the United States while the work was in progress, and for additional payments and deductions for added and for decreased costs because of such changes.

8. The contract also provided that extensions of the completion date might be granted by the United States for cause.

9. The subcontract required plaintiffs to so perform their work as to cause no delay to Miller-Davis Company or other subcontractors on the job.

10. A supplemental subcontract was entered into between plaintiffs and Miller-Davis Company whereby plaintiffs were to furnish labor and material for electrical work for the construction of an additional building known as MRS 1 for the sum of $4,250.

11. On May 22, 1942, a separate subcontract was entered into between plaintiffs and Miller-Davis Company whereby plaintiffs were to furnish labor and material for electrical work for the construction of a building known as an AF warehouse for the sum of $4,000.

12. On July 7, 1942 a separate subcontract was entered into between plaintiffs and Miller-Davis Company whereby plaintiffs were to furnish labor and material for electrical work for the construction of a Post Office building, for the sum of $275.

13. Plaintiffs satisfactorily completed all work and furnished all materials required by each of the subcontracts and by any changes therein.

14. Plaintiffs have been paid by Miller-Davis Company all sums claimed to be due under all the subcontracts except (1) an amount claimed to be due as damages for delay caused plaintiff by Miller-Davis Company, (2) the sum of $403.58 consisting of items formerly in dispute, but admitted on trial to be due the plaintiffs, (3) sums of $45.33 and $100.74 charged back against the plaintiffs by Miller-Davis Company for labor costs incurred by Miller-Davis Company for placing additional stringers and rafters in the MRS building, (4) $238.74 withheld by Miller-Davis Company as a claimed excess over a reasonable charge for extra work in rewiring buildings known as B.O.Q.'s, and (5) $633.08 deducted from the contract price for decreased costs to the plaintiffs through changes ordered by the United States in the plans and specifications on a building known as S.P. 14.

15. Changes were made by the United States in the plans and specifications of the building S.P. 14 which decreased the cost to the plaintiffs of labor and material in the net amount of $633.08.

16. A change in the method of construction of a building known as the MRS building, changing the points for hanging the lights from the roof to additional rafters and stringers at a lower level, was adopted at the request of representatives of the United States.

17. Lumber for the change was furnished by the United States, carpenter work by Miller-Davis Company, at a cost for carpenter work to Miller-Davis Company of $45.33 and $100.74.

18. Additional work in rewiring six buildings known as B.O.Q.'s, which was not called for by any of the written subcontracts, was done by the plaintiffs at the request of the defendant Miller-Davis Company.

19. The fair and reasonable value of the additional work done by the plaintiffs

on that request in the rewiring of the six B.O.Q's is $477.48.

20. Extensions of time for completion on the original contract were granted by the United States on a number of the buildings including an extension to August 17, 1942 of the motor repair shop known as S.P. 14.

21. These extensions were granted at some time subsequent to the original completion date.

22. Plaintiffs had no knowledge of the granting of the extensions prior to the completion of their work under all the subcontracts.

23. Plaintiffs were delayed in beginning work under the original subcontract on some buildings by the failure of the defendant Miller-Davis Company to complete carpentry work on schedule.

24. Plaintiffs were engaged subsequent to July 12, 1942 in work under the supplemental and separate subcontracts referred to in paragraphs 10, 11 and 12 above, with scheduled completion dates August 22, 1942, August 27, 1942, and July 17, 1942.

25. Plaintiffs maintained supervisory personnel and equipment at the job for the completion of these subcontracts as well as for the original subcontract.

26. Plaintiffs have failed to prove by a fair preponderance of the evidence any damage caused them by delay through the failure of the defendant Miller-Davis Company to complete preliminary carpentry or other work on schedule.

27. No claim was made by plaintiffs for damages for delay prior to January, 1944.

### Conclusions of Law

1. The court has jurisdiction over the parties and the subject matter of this action.

2. The action is timely brought under the Act of August 24, 1935.

3. The defendant Miller-Davis Company was required to furnish all carpentry work on contract changes caused by the United States.

4. The defendant Miller-Davis Company is entitled to deduct from amounts otherwise due the plaintiffs the savings to the plaintiffs by reason of electrical work and labor eliminated by change orders of the United States.

5. Plaintiffs are entitled to recover the fair and reasonable value of additional work done by them at the request of the defendant Miller-Davis Company.

6. Plaintiffs are entitled to recover nothing on their claim for damages for delay.

7. Defendant Miller-Davis Company is entitled to recover nothing on its counterclaim.

8. The plaintiffs are entitled to recover of the defendants damages in the total sum of $788.39 and their costs.

Let the clerk enter judgment accordingly forthwith.