437 P.2d 216

**WESTERN ENGINEERS, INC., Edwards and Kelcey, Plaintiffs and Appellants,**

**v.**

**STATE of Utah, By and Through its ROAD COMMISSION, Defendant and Respondent.**

**No. 10919.**

Supreme Court of Utah.

Feb. 1, 1968.

Clyde, Mecham & Pratt, Allan E. Mecham, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., Bryce E. Roe, Ollie McCulloch, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiffs entered into a contract with the State of Utah, by and through its Road Commission, wherein they agreed to perform engineering services in connection with a proposed section of an interstate highway. Under the terms of the contract, plaintiffs were to complete their performance within nine months from the date of notice to proceed. The contract was not completed until approximately three and one-half years had elapsed. Plaintiffs contend that the delay was the fault of the State and that they are entitled to damages therefor. The trial court, basing its decision upon a "no damage" clause in the contract, granted the State's motion for summary judgment and plaintiffs appeal.

The contract contained provisions to the effect that all of the surveys, designs, plans, schedules, progress and supervision were subject to the approval of the Director of Highways; that the plans and designs must be approved by the Federal Bureau of Public Roads; and, that all of these matters submitted by plaintiffs would be given thorough consideration and they would be informed of the decision by the Road Commission "within a reasonable time so as not to interrupt or delay the work of the consulting engineer" (plaintiffs). The contract proviso with which we are primarily concerned, and which the trial court found to be dispositive, reads as follows:

The consulting engineer agrees to prosecute the work continuously and diligently, and that no charges or claims for damages will be made by them for

any delay or hindrances, of any cause whatsoever, during the progress of any portion of services specified in this agreement. Such delays or hindrances, if any, shall be compensated for by an extension of time for such reasonable periods as the Road Commission may decide.

Plaintiffs contend that the foregoing "no damages" clause is ambiguous and that they are entitled to a trial to take evidence to ascertain the types of delay the parties intended the clause to cover. They assert that the cumulative delay which actually occurred was not contemplated by the parties, and, therefore, the "no damages" clause is inapplicable, and they are entitled to damages for the unreasonable delay caused by the State.

The cumulative delay attributed to the State by plaintiffs was its failure to process various preliminary designs, plans and drawings within a reasonable time, its slowness in determining clearance of structures over railroad right of ways, and the inability to come to decisions. Specific instances are set forth to support these charges. For the purposes of this appeal we consider these charges to be true.

■ There are various exceptions which have been held to preclude application of "no damages" provisions in construction contracts.[1] They can be broadly classified as: (1) A delay that is the result of fraud or active interference on the part of one seeking the benefit of the provision;[2] (2) A delay which has extended such an unreasonable length of time that the party delayed would have been justified in abandoning the contract; (3) A delay not within the specifically enumerated delays to which the no damage clause is to apply; (4) A delay which in light of the relationship of the parties and objectives and attendant circumstances was not intended or contemplated by the parties to be within the purview of the "no damages" provision. It is within the last category that plaintiffs' claim must rest.[3]

■ The "no damages" provision, broad as it is in scope, is not ambiguous. Delays

1. 10 A.L.R.2d 803, et seq.

2. This court has previously held that when parties to a contract foresee the possibility of delay and provide therefor by extensions of time, it is to be presumed that the parties intended such prescribed remedy to be exclusive for such delay, unless the day resulted from fraudulent, malicious, capricious or unreasonable acts on the part of defendant to delay or harass plaintiff in the prosecution of the work. Russell v. Bothwell & Swaner Co., 57 Utah 362, 194 P. 1109 (1920); Corp. of Pres. of

L.D.S. v. Hartford Acc. & Ind. Co., 98 Utah 297, 95 P.2d 736 (1940).

3. As to (1), plaintiffs conceded at a pretrial conference that they had no evidence that the State had exercised any fraud, malice or wilful intent to cause a delay. As to (2), plaintiffs have alleged nothing which would have justified abandonment of the contract; and as to (3), there was nothing in the contract specifically exempting the alleged delays, or their cumulative effect, from the contract provisions.

that could reasonably be foreseen, could have been specifically provided for in the contract. It was for the unforeseen delays that the clause was included to protect the State and compensate the plaintiffs for such delays.[4]

█ While there may be cases to the contrary,[5] the better reasoned cases [6] hold that, in the instant case, the plaintiffs were not entitled to introduce parol evidence to indicate that the delay was unreasonable or was not contemplated by the parties at the time contract was executed.

The reasoning behind the foregoing conclusion is well expressed by the Rhode Island Supreme Court [7] in the following quoted language:

The no damage clause in this contract expressly states that the contractor shall not recover damages because of hindrance or delay from any cause in the progress of the work "whether such delays be avoidable or unavoidable." The language of this provision, though broad in scope, is not ambiguous. As the contract provides for an extension of time if requested by the contractor, it is obvious that the object of the clause was to protect the Authority in an undertaking of such magnitude against the vexatious question, in perhaps innumerable instances, whether any particular delay could have been reasonably avoided by the Authority. Had there been no such provision in the contract, the Authority would have been liable on the principle of an implied covenant if unreasonable delay were proven, that is, delay that might reasonably have been avoided in carrying out its part of the contract. * * *

The contractor in effect argues that the clause under consideration means that the Authority is excusable for reasonable delay only. This construction of the no damage clause would subject the Authority to the inquiry in all instances of delay whether a reasonable person would have acted differently, thus raising the very question that the clause intended to avoid. In the absence of concealment, misrepresentation or fraud, the contractor by such construction of the no damage clause can render meaningless an express condition of the contract which it knowingly and freely accepted. * * *

Affirmed. No costs awarded.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

4. Cunningham Bros., Inc. v. City of Waterloo, 254 Iowa 659, 117 N.W.2d 46 (1962).

5. Ace Stone, Inc. v. Township of Wayne, 47 N.J. 431, 221 A.2d 515 (1966), for example.

6. Charles I. Hosmer, Inc. v. Commonwealth, 302 Mass. 495, 19 N.E.2d 800 (1939); Coleman Bros. Corp. v. Commonwealth, 307 Mass. 205, 29 N.E.2d 832 (1940).

7. Psaty & Fuhrman v. Housing Authority, 76 R.I. 87, 68 A.2d 32, 10 A.L.R.2d 789 (1949).