**Toy W. ARNOLD et al., Appellants,**

**v.**

**Harold SPRAGGINS, Appellee.**

**No. 8151.**

Court of Civil Appeals of Texas, Amarillo.

July 26, 1971.

Rehearing Denied Aug. 23, 1971.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellants.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellee.

JOY, Justice.

This is a suit for damages resulting from the alleged breach of a written contract terminating a partnership.

Affirmed as reformed.

Appellants and appellee had formed a partnership by oral agreement in 1967 and operated under the firm name of Continental Industrial Supply Company for the purpose of dealing in certain types of industrial tools and supplies with the company located at Lubbock, Texas. Continental had secured a distributorship from Chicago Latrobe and Unimet Carbides Companies. To capitalize the partnership, a bank loan was obtained in the amount of $10,000.00, secured by a note executed by the four appellants and the appellee. Appellants also owned and operated the United Industrial Supply Company located in the Fort Worth, Texas area. United was not able to secure a distributorship in its area for Chicago Latrobe and Unimet because of other distributors already operating in that area. United purchased merchandise through Continental from Chicago Latrobe and Unimet for its use in the Fort Worth area. The terms of these purchases permitted Continental to charge United the cost of the merchandise with a five percent (5%) added-on profit to Continental, plus any discounts and commissions granted to Continental. Appellants and appellee then entered into a written agreement to dissolve and terminate the Continental partnership,

the relevant portions of which are set forth here:

"I

"That Spraggins shall take as his sole property all of the assets of Continental, including by way of illustration but not by limitation, cash on hand, accounts receivable, and stock of merchandise, and he shall be entitled to use the name 'Continental.'

"II

"That Arnold Group and United agree to fulfill all orders placed by United with Continental which are dated on February 5, 1968, or prior thereto, such fulfillment of the orders being acceptance of the merchandise and payment for it in sufficient time for Continental to take its discount with Chicago Latrobe and Unimet Carbides, * * *.

"III

"For a period of 60 days beginning February 6, 1968, Spraggins, d/b/a Continental, agrees that he will accept orders from United for the same type of merchandise that it has been ordering for United and purchasing from Chicago Latrobe and Unimet Carbides, the price of the merchandise to United shall be Continental's cost * * *.

"IV

"Conditioned upon the Arnold Group and United performing its obligations under the terms of this agreement, Spraggins agrees to assume and pay (1) the promissory note and interest thereon payable to the order of American State Bank, (2) the accounts payable of Continental as of February 6, 1968, and (3) the rental payments due under the rental contract with the landlord of Continental.

"V

"United joins herein for the purpose of evidencing its consent to the terms of this agreement and for the purpose of further agreeing that it will pay all amounts owed by it to Continental now or hereafter existing.

" *  *  * "

Subsequent to the dissolution of the partnership, appellants and appellee were unable to agree on the amount of monies owed by United to Continental and this suit was filed by appellee.

The appellants' complaint here is primarily that the appellee, having elected to sue for damages for breach of the contract, is entitled only to recover that amount of money that he would have been entitled to had the contract been fully performed. There being no contentions made of mistake, fraud or misrepresentation, nor any allegations that the contract is ambiguous or uncertain, we are required to look to the contract itself to determine the real intent of the parties. 13 Tex.Jur.2d Contracts, § 122, p. 287. In the absence of findings of fact and conclusions of law, we presume that the trial court found all issues necessary to sustain the judgment and the judgment must be affirmed if there is evidence to support same. We are required to view that evidence favorable to the findings and disregard all evidence contrary thereto. Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769 (1957); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951).

From the record we conclude that the trial court found appellants were indebted to appellee (through United) in the amount of $3,886.35 for merchandise purchased, and the further amount of $1,526.20, representing discounts and commissions lost by appellee by reason of late payment. The trial court further awarded appellee $8,280.00 representing four-fifths (⅘) of the $10,000.00 bank note plus four-fifths (⅘) of the interest paid by appellee. No issue is made here as to the $5,412.55 represented by the merchandise and the discounts and commissions lost, therefore we will concern ourselves with that part represented by the $8,280.00 only. Pargraph IV taken with the entire agreement, leads use to the conclusion that the appel-

lee is not entitled to contribution by appellants on the note. An interpretation as urged by appellee would also include the accounts payable of Continental and the rental payments as set forth in the agreement. The record reflects that a genuine dispute existed between the parties as to the amount due and owing by appellants (through United), the payment of which was provided for by paragraph II of the agreement. Appellee contends that appellants' agreement "to perform its obligations under the terms of this agreement" was a condition precedent to appellee's obligation to pay the note in the amount of $10,000.00. However, appellee did not bring suit for recission of the contract, but a suit to recover the amounts owed on merchandise, commissions and discounts, and by recovering this amount, as finally determined by the fact finding body, appellee is, in effect, requiring that appellants "perform its obligations" under the agreement. It is elementary that courts cannot write contracts for the parties, but are required to enforce the contracts as drawn by the parties themselves. We find nothing in the contract that required appellants "to perform its obligations" upon a certain date, voluntarily and without necessity of suit, nor does the contract fix the amount of money owed by appellants (through United) to appellee for merchandise purchased prior to the date of the agreement. The record reflects that no merchandise was purchased by United after the date of the agreement. Through the payment of $5,412.55 to appellee by appellants, the appellee is placed in the same position he would have been had the contract been fully and completely performed. That is, he has been made whole and the agreement, considering the ends sought to be accomplished as reflected by the entire instrument, is enforced. The judgment of the trial court is reformed by reducing the amount awarded appellee to $5,412.55 plus interest on the date thereof.

As reformed, the judgment of the trial court is affirmed.

ELLIS, C. J., not sitting.