318 So.2d 197 (1975)
Dale L. McINTIRE and Roberta L. McIntire, Appellants,
v.
GREEN-TREE COMMUNITIES, INC., a Foreign Corporation, Appellee.
No. 74-1080.
District Court of Appeal of Florida, Second District.
August 1, 1975.
*198 George W. Thomas, Jr., of Jacobson & Thomas, Sarasota, for appellants.
No appearance for appellee.
GRIMES, Judge.
This is an appeal from an order dismissing an amended complaint without leave to further amend.
The contract attached to the amended complaint reflects that appellants agreed to purchase a house in appellee's subdivision to be built by appellee. The contract which was on appellee's printed form contained the following pertinent provision:
"MUTUAL COVENANTS AND AGREEMENTS
* * * * * *
12. The Seller, subject to the provisions of this contract, agrees to use its best effort to deliver the completed residence mentioned herein on or before approximately November 15, 1973. However, the Seller cannot and will not be responsible for any damages or inconveniences caused to Buyer for failure to complete residence mentioned herein by such date, regardless of the reason for such delay." (emphasis added)
There was a provision printed in boldface type which stated that the contract contained the entire agreement of the parties and that no representation or statement not specifically set forth therein would be binding upon either party.
There was also typed in on the face of the contract the following words:
"4. Additional $200.00 due on or before December 15, 1972.
5. Balance of the deposit  $500.00  due on or before February 15, 1973.
6. Balance of the cash difference $1,595.00 due on or before June 15, 1973.
7. Balance of Purchase Price by Mortgage in the approx. amount of $22,700.00.
8. House to be completed by approx. November 15, 1973."
According to count I of the amended complaint, the appellee had agreed to have the house completed by no later than November 15, 1973, and provision number 8 was typed into the contract to give this assurance. Thereafter, the appellants obtained a mortgage commitment for an interest rate of 8% provided the mortgage was executed on or before December 7, 1973. The house was not completed and delivered to appellants until March 12, 1974. As a consequence, the appellants claimed damages resulting from the fact that they were required to obtain a mortgage at an interest rate of 8 3/4% and had to rent an apartment from November 15, 1973, to March 12, 1974.
After realleging pertinent allegations of count I, the following additional allegations were included in count II supporting *199 appellants' claim for the same damages on a different theory:
"6. That at the time of execution of the contract the Defendant had a secret intent not to perform its part of the agreement entered into between the parties in the time specified, but fraudulently represented that they would perform as an inducement to the Plaintiffs to enter into said agreement.
"7. That due to a design and plan of construction, known to the Defendant at the time of signing the contract, the Defendant used the lot upon which the residence of the Plaintiffs was to be constructed, for a roadway to carry materials and supplies and to move equipment from the storage facilities and construction yard of the Defendant to other homes being constructed on other lots, and as a result thereof failed to complete the residence for the Plaintiffs within the time specified in said contract."
The dismissal of both counts was apparently predicated upon the provisions of printed paragraph 12 which provided that there would be no damages for delay in the event the construction was not timely completed.
With reference to count I, appellants argue that the several typed provisions reflected an intent to require delivery by November 15. Appellants then cite the recognized rule of construction that a typed portion of a contract will control where it is inconsistent with the printed portion.[1] However, appellants overlook the fact that there really is no inconsistency between the typed and printed portions of this contract. Both of them provide that the house shall be completed "by approximately November 15, 1973." Therefore, this contention cannot be sustained.
On the other hand, we think appellants have stated a cause of action under count II. The provisions of paragraph 12 should not permit appellee to be relieved of responsibility should it be proven that appellee was guilty of fraud. This provision is similar in many respects to the "no damages for delay" clause often found in construction contracts. Many contracts involving public construction include a provision which states the public body will not be responsible for damages in the event of delay which may result in extra expense to the contractor. These clauses have generally been held to be valid.[2] However, they are normally ineffective where the delay is caused by the active interference, concealment or fraud of the party seeking the benefit of the provision.[3] While it has been held that unreasonable delay is not excused by a "no damages for delay" clause,[4] the weight of authority favors the view that the inquiry into the reasonableness of the delay was what the clause was intended to avoid and that the unreasonableness of a delay alone does not avoid the operation of the clause.[5]
In Southern Gulf Utilities, Inc. v. Boca Ciega Sanitary District, Fla.App.2d, 1972, 238 So.2d 458, this court held that a "no damages for delay" clause was valid but stated that it was not to be read literally so as to preclude every conceivable claim against the party it was designed to protect. In that case, the complaint was held to state a cause of action for damages caused by the knowing delay of a public authority which transcended mere lethargy *200 or bungling. In the case sub judice, the appellants allege that the circumstances which caused the delay were brought about by appellee and were even foreseen but concealed by appellee when the contract was made. For purposes of pleading, this appears to bring the case within the exception to the "no damages for delay" clause recognized in Southern Gulf Utilities, Inc. v. Boca Ciega Sanitary District, supra.
The judgment is reversed, and the case is remanded for further proceedings consistent herewith.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] Allegheny Mutual Casualty Company v. State, Fla.App.2d, 1965, 176 So.2d 362.
[2] See 10 A.L.R.2d 801.
[3] E.g., Cunningham Brothers, Inc. v. City of Waterloo, 1962, 254 Iowa 659, 117 N.W.2d 46; Western Engineers, Inc. v. State Road Commission, 1968, 20 Utah 2d 294, 437 P.2d 216.
[4] Ippolito-Lutz, Inc. v. Cohoes Housing Authority, N.Y. Sup. Ct. 1964, 22 A.D.2d 990, 254 N.Y.S.2d 783.
[5] E.g., Yonkers Contracting Co v. Maine Turnpike Authority, S.D.Maine, 1962, 208 F. Supp. 517; Psaty & Fuhrman v. Housing Authority, 1949, 76 R.I. 87, 68 A.2d 32.