528 So.2d 72 (1988)
HARRY PEPPER & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
HARDRIVES COMPANY, INC., a Florida Corporation, Appellee.
No. 87-0426.
District Court of Appeal of Florida, Fourth District.
July 6, 1988.
*73 Philip T. Weinstein of Weinstein & Garvin, P.A., Miami, for appellant.
Kenneth G. Stevens, Fort Lauderdale, for appellee.
LETTS, Judge.
This controversy evolves from a trial judge's ruling that a paving subcontractor was justified in walking off the site of a plant construction project and canceling the obligation to pave it. The general contractor argues that the subcontractor was bound by the language of the contract between them which provided that the latter's only remedy was to get an extension of time and that cancellation was not permitted under the contract. We agree with the trial judge and affirm.
The appellant argues that the result here is dictated by the so-called no-damage-for-delay theory. However, what we have before us is a variation on that theme. The language of the contract in question read in pertinent part:
The subcontractor agrees that its only remedy for such delay shall be for an extension of time for the number of days by which it has been delayed, as determined by the contractor and/or the owner, and that it shall not be entitled to any recovery for loss expense or damage.
The variation from the normal line of cases, such as: McIntire v. Green-Tree Communities, Inc., 318 So.2d 197 (Fla. 2d DCA 1975); Southern Gulf Utilities, Inc. v. Boca Ciega Sanitary District, 238 So.2d 458 (Fla. 2d DCA), cert. denied, 240 So.2d 813 (Fla. 1970); Kalisch-Jarco, Inc. v. City of New York, 58 N.Y.2d 377, 461 N.Y.S.2d 746, 448 N.E.2d 413 (1983), arises because, in the case at bar, the subcontractor was not trying to obtain any recovery for loss, expense or damage. Instead it quit the job, never performed under the contract and does not seek any expense or damage. It seeks cancellation. The general contractor is the one demanding damages predicated on the extra cost, over and above the allegedly breached contract price, incurred in hiring another paving company to do the job.
This was a bench trial and while many of the facts and circumstances are in sharp dispute, there is competent and substantial evidence in the record to support the trial judge's conclusion. According to that evidence, the contract was originally to be fulfilled and the paving completed by November 30, 1985, otherwise $500 a day was to be deducted from the contract price. The job was not completed by that deadline and ten days before the scheduled expiration date:
1. The site had not been backfilled or graded sufficiently to allow for even preliminary layout work, much less actual paving.
2. The revised drawings issued had not been approved by the city or change orders issued to permit proceeding with any work.
3. Site conditions varied radically and had been changed completely from those shown on the original drawings so that more expense was involved in the paving job.
4. The subcontractor was not offered an increase in the contract price for the changes despite a demand for same.
5. A proposed extension of time extending the period to December 24th, (a) did not allow enough time for completion, (b) did not contemplate the requested price increase, and (c) did not take into account that the plans were not approved by the city until after Christmas.
*74 Notwithstanding the foregoing, the general contractor insists that the subcontractor's only remedy under the contract was to continue to receive extensions and that it had no right to cancel. We do not agree. Even if such a clause were enforceable, it was rendered unenforceable by active interference by the general contractor and by the change in conditions at the job site. Southern Gulf Utilities; Kalisch-Jarco, Inc.; Peter Kiewit Sons Co. v. Iowa Southern Utilities Co., 355 F. Supp. 376 (S.D.Iowa 1973); Cunningham Brothers v. City of Waterloo, 254 Iowa 659, 117 N.W.2d 46 (1962); Lesser, The Validity, Force, and Effect of No Damage for Delay Clause, LXII, No. 1 Fla.Bar 21 (Jan. 1988).
Regardless of the no-damage-for-delay theory, this cause should be affirmed under bedrock contract law. As this court said in Casale v. Carrigan and Boland, Inc., 288 So.2d 299 (Fla. 4th DCA), cert. dismissed, 301 So.2d 100 (Fla. 1974):
It is one of the most basic premises of contract law that where a party contracts for another to do a certain thing, he thereby impliedly promises that he will himself do nothing which will hinder or obstruct that other in doing the agreed thing. Indeed, if the situation is such that the co-operation of one party is a prerequisite to performance by the other, there is not only a condition implied in fact qualifying the promise of the latter, but also an implied promise by the former to give the necessary co-operation. Sharp v. Williams, Fla. 1939, 141 Fla. 1, 192 So. 476; Hanover Realty Corp. v. Condomo, Fla. 1957, 95 So.2d 420.
There is competent and substantial evidence in the record that the general contractor did not cooperate with the subcontractor and engaged in conduct which hindered or obstructed the performance of the contract.
Accordingly, we find no reversible error in the trial judge's ruling. It is true the order appears to base its conclusion on the question of whether or not the subcontractor was granted reasonable extensions. Yet, even if that was too narrow an interpretation, we are of the opinion that in view of all that we have set forth, the trial judge was, at a minimum, right for the wrong reason. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN, J., concur.