**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 91-4517

_____

UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF STRAUS
SYSTEMS, INC,

                                                    Plaintiff,

STRAUS SYSTEMS, INC.,

                                          Plaintiff-Appellant,

                          VERSUS


                ASSOCIATED INDEMNITY COMPANY,
                NATIONAL SURETY CORPORATION,
           FIREMAN'S FUND INSURANCE COMPANY, AND
             CONTRACT SURETY CONSULTANTS, INC,

                                          Defendants-Appellees.


_____

        Appeal from the United States District Court
            For the Eastern District of Texas
_____
               ( June 25, 1992 )


Before GARWOOD and DeMOSS, Circuit Judges, and DUPLANTIER,[*]
District Judge.

PER CURIAM:

                            I.

    In June 1983, Pyramid International, Inc. (Pyramid), as the
prime contractor, subcontracted with Straus Systems, Inc. (Straus)
for Straus to perform all mechanical work on the Red River Army
Depot Project (Project), a federal construction project for the

_____

    [*]District Judge of the Eastern District of Louisiana, sitting
by designation.

maintenance and modernization of an army depot in Hooks, Texas. When Pyramid defaulted in the summer of 1985, the Sureties, hereinafter defined, took over as prime contractor of the project pursuant to their performance bond. The Sureties hired Contract Surety Consultants, Inc. (CSCI) as their agent to oversee and manage the completion of the Project. Straus executed an Agreement of Assignment Subcontract assenting to the assignment of the subcontracts to the Sureties.

Between October 1984 and November 1985, Straus sent a series of fifteen letters to Pyramid and later to the Sureties giving notice of the delays encountered by Straus in completing its work on the project. Straus never requested any additional time to complete its work on the project, nor did it demand payment of a specific amount of delay damages until October 1987, five months after it completed its work on the project on May 31, 1987.

Straus finally brought suit in district court against Associated Indemnity Company, National Surety Corporation and Fireman's Fund Insurance Company, and their agent, Contract Surety Consultants, Inc. (collectively the Sureties), the construction sureties for Pyramid, for delay damages of approximately $1,000,000 arising out of its construction subcontract. Straus alleged claims based on the Miller Act (40 U.S.C. § 270), breach of contract, quantum meruit, and negligence. The district court granted summary judgment for the defendants on all claims and denied Straus's motion for a new trial.

Paragraph 17 of the subcontract, which describes the procedure that Straus was to follow in the event of a delay in its work due to the action or negligence of Pyramid, reads as follows:

> DELAYS AND EXTENSION OF TIME: Should Subcontractor be obstructed or delayed in the completion of the work hereunder by the neglect, delay or default of the Contractor or by any act of the Owner or by substitutions or additions which may be required by

2

Contractor or Owner, or by the unusual action of the elements, <u>then the date of substantial completion shall be extended</u>, such extension to be equal to the duration of such obstruction or delay, as reasonably determined by Contractor, <u>but no such extension shall be made unless a claim shall be presented in writing by Subcontractor to Contractor within 48 hours of the occurrence of such obstruction or delay</u>. (Emphasis added).

Paragraph 20 deals with compensation and payment to Straus. and reads as follows:

COMPENSATION AND PAYMENT: Subcontractor agrees to accept the specified compensation as <u>full compensation</u> for doing all work, furnishing all materials, and performing all provisions embraced in this subcontract; <u>for all loss or damage</u> arising out of the nature of the work as from the action of the elements or from any unforeseen or unknown difficulties or obstructions which may arise or be encountered in the prosecution of the work until its acceptance; and <u>for all risks of every description connected with the work</u>. (Emphasis added).

The trial court found that Straus failed to comply with the procedural requirements found in Paragraph 17 that it give notice for delay in order to maintain its suit for damages. Additionally, the trial court noted in its order and opinion denying Straus's motion for a new trial that a claim made for extension of time due to delay was the only recourse open to Straus under the contract.

The issues raised by Straus on appeal are:

1. Whether paragraphs 17 and 20 of the subcontract prohibit Straus from seeking delay damages.

2. Whether Straus complied with the notice requirement of the subcontract to maintain its suit for delay damages.

3. Whether the sureties agreed to assume liability for Pyramid's breach of contract.

3

Because this Court has determined that Straus is precluded from asserting claims for monetary delay damages by the terms of the contract, and such holding is dispositive of Straus's claims, we do not address issues numbers two and three.

We AFFIRM.

## II.

The definitive issue on appeal in this case is whether the subcontract allows a claim for monetary delay damages or whether Straus was limited to an extension of time as compensation for the delay caused by Pyramid. The interpretation of the subcontract is a question of law which this Court reviews de novo. Hall v. State Farm Fire and Casualty Co., 937 F.2d 210, 213 (5th Cir. 1991).

Texas law provides that when a Court construes a contract it must look to the intent of the parties as expressed in the contract. Fuller v. Phillips Petroleum Co., 872 F.2d 655, 657 (5th Cir. 1989). In addition, the Court should consider the objective, rather than the subjective intent of the parties. Where, as in this case, there are no allegations of ambiguity as to the contract language, the Court will determine the intent of the parties from the instrument alone. Id. at 657.

Contract provisions indicating that the delay was within the contemplation of the Parties have been found to be sufficient to preclude recovery of damages for delay in a construction contract, City of Houston v. R. F. Ball Constr. Co., Inc., 470 S.W.2d 75, 77 (Tex. Civ. App.--Houston [14th Dist.] 1978, writ ref'd n.r.e.). Parties to a contract might foresee or consider the possibility of

4

delay and contractually provide for a remedy to be applied upon such occurrence. Id. It is not necessary that exclusion of delay damages be express. Id. A provision in the contract for an extension of time in case of delay caused by the contractor has been held to afford the subcontractor an exclusive remedy, precluding the recovery of damages from the contractor. Ericksen v. Edmonds School Dist. No. 15, Snohomish County, 125 P.2d 275, 13 Wash. 2d 398 (Wash., 1942); See Burgess Constr. Co. v. M Morrin & Son Co., Inc., 526 F.2d 108, 115 (10th Cir. 1975). See also United States, to Use of Brown v. Miller-Davis Co., 61 F. Supp. 89, 90 (D. Conn. 1945). (provisions in the principal contract for extension of the completion date were held a bar to the subcontractors recovery against the general contractor for delay).

Straus contends that Sureties owe it delay damages because Pyramid and Sureties breached the implied obligation not to delay Straus's performance; and that Sureties must make good on all loses due to delays in the progress of the work because there is no express provision in the subcontract to the contrary that releases Sureties from this obligation. R.F. Ball, 570 S.W.2d 75.

The Sureties argue that the parties addressed the subject of delay in Paragraph 17 of the subcontract and provided that the only remedy was extension of time. They contend that Paragraph 20 confirms the parties intention to limit Straus to the compensation provided by the subcontract.

While the subcontract itself might have been more clearly drafted, we believe that when read as a whole and giving due

consideration to Paragraphs 17 and 20, it indicates that the parties thought about the problem of delay when they initially contracted and agreed at that time that the sole remedy for delay would be the extension of time. It is evident by these contract provisions that delay was within the contemplation of the Parties and that such provisions preclude recovery of damages for delay in this construction contract.  R.F. Ball, 570 S.W. 2d at 77.

## III.  CONCLUSION

We affirm the trial court's holding that Sureties are not liable for damages caused by the delay.