C. F. MENTZINGER'S SON, INC., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant.   (Claim No. 29311.) — Judgment modified on the law by striking out the award of interest and as modified affirmed, without costs of this appeal to either party.   Memorandum:   Appellant's claim rests upon an alleged breach of contract in that the general construction work did not progress concurrently with appellant's work.   The alleged breach was of the following contract provision:   " Related Work — The following work will be done under other contracts which will be progressed concurrently with the work of this contract, viz: (a) Construction Work (b) Heating Work (c) Electric Work (d) Electric Elevators (e) Refrigerator Work ".   The contract also contained the following standard provisions: " 85. If the Contractor is delayed in the completion of his work by any act or neglect of the State, or by changes ordered in the work, or by any cause which the State Architect shall deem to justify the delay as being beyond the Contractor's control, then the time of completion shall be extended for such reasonable time as the State Architect may decide ".   " 87. No charges or claim for damages shall be made by the Contractor for any delays or hindrances, * * * during the progress of any portion of the work embraced in this contract.   Such delays or hindrances shall be compensated for by an extension of time as above provided."   We think that these provisions of the contract are to be read together — that the " Related Work " clause is not in the nature of a warranty but at most an affirmation of the State's duty to exercise due diligence to co-ordinate the work of the various contractors.   Viewed in that light we cannot find that the State breached its duty (see *Mack* v. *State of New York,* 122 Misc. 86, affd. 211 App. Div. 825; see, also, *Endres Plumbing Corp.* v. *State of New York,* 198 Misc. 546, and cases cited).   We think that the case of *Smith & Sons Constr. Co.* v. *State of New York* (266 App. Div. 886, affd. 292 N. Y. 691) relied upon by appellant is distinguishable.   In that case after numerous unexplainable delays there was eventually a complete abandonment by the plumbing contractor.   Moreover, there the State took no appeal from the award by the Court of Claims.   We think it was error for the trial court

to award interest on the final estimate. The judgment appealed from should be modified so as to strike out the award of interest upon the final estimate, and as so modified, affirmed. All concur, Taylor, P. J., not voting. (Cross-appeals from a judgment for claimant for interest on the final estimate; all claims for damages for delay in construction work under a State contract were dismissed.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.