Fuld, J.
This case, submitted to the Appellate Division on an agreed statement of facts (Civ. Prac. Act, §§ 546-548) and here by our leave, poses the question whether the written notice accompanying the sale of film by the defendant Eastman Kodak Company is effectual to limit its liability for negligence in the subsequent processing of that same film.
*303 In January of 1959 the plaintiff, a corporation engaged in commercial photography, purchased a number of rolls of Kodak Ektachrome Commercial 16mm film from the defendant’s agent in New York. The plaintiff had contracted with the Western Electric Company to make a moving picture of certain of its facilities in Alaska and the film in question was bought for such use. Accordingly, the plaintiff took the film to Alaska and there it was properly exposed, it being admitted that a negative resulted which, if properly developed, would have resulted in prints commercially valuable and entirely satisfactory to fulfill plaintiff’s contract with Western Electric. After exposure in Alaska, the plaintiff delivered the film to defendant’s laboratory in New York to be developed. It was in good condition when received by the defendant for processing but during its development a substantial portion was so damaged by a deposit of foreign material and by ink marks that such portion became commercially valueless; on the basis of the submission, the inference is warranted that the defendant was negligent. (See Aronette Mfg. Co. v. Capitol Piece Dye Works, 6 N Y 2d 465, 469.)
Although the plaintiff incurred expenses of over $1,500 in retaking certain sequences in order to fulfill its contract with Western Electric and sought reimbursement for such expenses, the defendant has repaid the plaintiff only for the cost of the damaged film and for the prorata cost of its processing. In taking this position, the defendant relies upon a “ notice ” set forth on a label on the box containing the film. It states rather plainly, in black type against a white background,
“FILM PRICE DOES NOT INCLUDE PROCESSING- ” and includes, in much smaller type, black against a blue background, this recital:
‘‘ BEAD THIS HO TICE
“ This film will be replaced if defective in manufacture, labeling, or packaging, or if damaged or lost by us or any subsidiary company. Except for such replacement, the sale or subsequent handling of this film for any purpose is without warranty or other liability of any kind. Since dyes used with color films, like other dyes, may, in time, change, this film will not be replaced for, or otherwise warranted against, any change in color.”
*304 It is conceded that the plaintiff was aware of the nature of the label’s contents, and, as noted above, the question for our decision is whether it effectively limits the defendant’s liability for negligence in developing the film.
The law looks with disfavor upon attempts of a party to avoid liability for his own fault and, although it is permissible in many cases to contract one’s self out of liability for negligence, the courts insist that it must be absolutely clear that such was the understanding of the parties. In other words, it must be plainly and precisely provided that ‘ ‘ limitation of liability extends to negligence or other fault of the party attempting to shed his ordinary responsibility.” (Howard v. Handler Bros. & Winell, 279 App. Div. 72, 75-76, affd. 303 N. Y. 990; see, also, Ciofalo v. Vic Tanney Gyms, 10 N Y 2d 294, 296-297; Kaufman v. American Youth Hostels, 5 N Y 2d 1016, modfg. 6 A D 2d 223; Boll v. Sharp & Dohme, 307 N. Y. 646, affg. 281 App. Div. 568; Walters v. Rao Elec. Equip. Co., 289 N. Y. 57; Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41; Employers’ Liab. Assur. Corp. v. New York Linen Supply & Laundry Co., 239 N. Y. 560; Mynard v. Syracuse, B. & N. Y. R. R. Co., 71 N. Y. 180, 183.)
In line with this principle, we have consistently decided that contracts will not be construed to absolve a party from, or indemnify him against, his own negligence, “ unless such intention is expressed in unequivocal terms.” (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41, supra.) In the Thompson case (271 N. Y. 36, supra), for instance, the court concluded that an agreement to indemnify one “ against all claims for damages to persons growing out of the execution of the work ’ ’ was not phrased in terms sufficiently unequivocal to encompass the indemnitee’s negligence. In the Kaufman case (5 N Y 2d 1016, supra), the court held that an agreement to release the defendant “ of any and all responsibility or liability of any nature whatsoever for any loss of property or personal injury occurring on this trip ’ ’ lacked the requisite clarity to relieve the defendant of liability for its own negligence. And, in the Mynard case (71 N. Y. 180, supra), where the plaintiff agreed to “ release and discharge the said company [defendant] from all claims, demands and liabilities of every kind whatsoever for or on account of, or connected with, any damage or injury to or the loss of said stock, or any portion thereof, from whatsoever cause arising ”, the court determined that, despite *305 the breadth of the language employed, it was not sufficiently explicit to absolve the defendant from its own negligence.
Moreover, not only does the provision upon which reliance is placed fail to express, in the clear and unequivocal terms demanded, that the parties agreed to limit the defendant’s liability for its own negligence but plaintiff could reasonably have believed that it was not intended to apply to the film’s processing. As noted, the label on which the provision appears accompanied the sale of the film and expressly recited that “ FILM PRICE DOES NOT INCLUDE PROCESSING ”. It was reasonable, therefore, to conclude that the processing of the film was to constitute a transaction entirely separate and distinct from its sale. Accordingly, as the Appellate Division aptly observed, “ The provision for the limitation of defendant’s liability in connection with the ‘ subsequent handling of this film for any purpose ’ would be confined to a limitation of liability in the subsequent handling of the unexposed film for any purpose in connection with the sale.”
The judgment appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Burke, Foster and Scileppi concur; Judge Van Voorhis talcing no part.
Judgment affirmed.