■ In the Matter of DONALD E. DE GROAT, Appellant, v. PROBATION SERVICE OF ULSTER COUNTY, Respondent.— Motion for permission to proceed as a poor person and assignment of counsel denied on the ground the order sought to be reviewed is not appealable as of right (CPLR 5701, subd. [b], par. 1). Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT ASTOR WILLIAMS, Defendant.— Motion for change of venue denied (People v. Chase, 286 App. Div. 936). Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (December 23, 1964)

■ IPPOLITO-LUTZ, INC., Respondent, v. COHOES HOUSING AUTHORITY, Appellant.— Per Curiam. Appeal by defendant from an order which denied its motion for summary judgment. Plaintiff, the general contractor for certain building construction, sues to recover the final payment, retained pending completion of the work, and seeks damages, also, for the value of extra work and for delay allegedly caused by the defendant. Upon this appeal, defendant's argument is concentrated upon the claim for damages due to delay. Its defense relies principally upon the clause of the contract providing: "No payment of compensation of any kind shall be made to the Contractor for damages because of hindrance or delay from any cause in the progress of the work, whether such hindrances or delays be avoidable or unavoidable." The affidavit in opposition to the motion sets forth plaintiff's factual averments as to defendant's hindrances and delays, its indecision and its refusals, over long periods, to perform necessary acts in furtherance of the contract. An exculpatory clause of this nature is not always absolute. It must be construed strictly against the party seeking exemption from liability because of his own fault. (Wilson & English Constr. Co. v. New York Cent. R. R. Co., 240 App. Div. 479, 483.) It will not be effective against "active interference" by the contractee or where "delay is protracted to an unreasonable length". (10 N. Y. Jur., Contracts, § 335, pp. 336–338; and cases there cited, in many of which the language of the "no damage" clause was substantially more favorable to the contractee than here.) Upon this issue, as upon the other relevant issues, plaintiff is entitled to a trial. Defendant also interposes an objection to the pleading, which we find untenable. Order affirmed, with $75 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.