■ NORMAN COMPANY, INC., Appellant, v. COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Respondent. DEPOT CONSTRUCTION CORP., Third-Party Defendant-Respondent.— Order of the Supreme Court, Nassau County, dated September 22, 1964, reversed, with one bill of $10 costs and disbursements, and motions denied. The time of the third-party defendant to answer is extended until 20 days after entry of the order hereon. In our opinion, the issue as to whether the complaint states a cause of action should await the development of proof, and should not have been resolved, as it was, on motions made pursuant to CPLR 3211 (subd. [a], par. 1) which, by agreement of the parties, was treated as the equivalent of a motion for judgment on the pleadings. On such motions, as conceded, the facts stated in the pleading are deemed to be true, and the pleading is to be liberally construed. Under these rules of construction, the instant complaint, while not expressly alleging that defendant County of Nassau actively or willfully interfered with plaintiff in the course of its work so as to effect the delay complained of, will be deemed to include such allegation. While the defendant County of Nassau and the third-party defendant properly urge the exculpatory clause as a defense to the plaintiff contractor's claim for damages for delay, such clause "is not always absolute", even if its verbiage encompasses "any" reason for the

delay attributable to the owner, and its legal significance should await the development of facts (*Ippolito-Lutz* v. *Cohoes Housing Auth.*, 22 A D 2d 990; *Wilson & English Constr. Co.* v. *New York Cent. R. R. Co.*, 240 App. Div. 479, 482-483; 10 N. Y. Jur., Contracts, § 355, pp. 336-338; 2 Clark, New York Law of Contracts, § 943, pp. 1449-1450). The clause will not be deemed exculpatory to a defendant-owner where a trial demonstrates that he has actively or willfully interfered with plaintiff contractor's performance (*Taylor-Fichter Steel Constr. Co.* v. *Niagara Frontier Bridge Comm.*, 261 App. Div. 288, 291, affd. 287 N. Y. 669; *Cauldwell-Wingate Co.* v. *State of New York*, 276 N. Y. 365). The defendant owner may have the benefit of the exculpatory clause where, after trial, the proof shows no unwarranted interference on his part with the performance of the plaintiff contractor (*Taylor-Fichter Steel Constr Co.* v. *Niagara Frontier Bridge Comm.*, *supra*; *Waples Co.* v. *State of New York*, 178 App. Div. 357; *Shore Bridge Corp.* v. *State of New York*, 186 Misc. 1005, 1013, affd. 271 App. Div. 811; *Mentzinger's Son* v. *State of New York*, 278 App. Div. 1019; *Mack* v. *State of New York*, 122 Misc. 86, affd. 211 App. Div. 825; *Cranford* v. *Brooklyn Hgts. R. R. Co.*, 168 App. Div 457, 459-60, affd 225 N. Y. 640; *Sundstrom* v. *State of New York*, 159 App. Div. 241, 248, revd. on other grounds 213 N. Y. 68; *Town & Country Eng. Corp.* v. *State of New York*, 46 N. Y. S. 2d 792, 800-801), and due diligence in co-ordinating supervision over the work of all the artisans employed in a construction project (*Baker Co.* v. *State of New York*, 267 App. Div. 712, 717, affd. 294 N. Y. 698; *Snyder Plumbing & Heating Corp.* v. *State of New York*, 21 Misc 2d 591; *Shore Bridge Corp.* v. *State of New York*, *supra*). The owner may not escape his responsibility by delegating supervision to an architect (*Del Genovese* v. *Third Ave. R. R. Co.*, 13 App. Div. 412, 423, affd. 162 N. Y. 614). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.