238 So.2d 458 (1970)
SOUTHERN GULF UTILITIES, INC., Appellant,
v.
BOCA CIEGA SANITARY DISTRICT and the Board of County Commissioners of Pinellas County, As Its Governing Body, Appellees.
No. 69-485.
District Court of Appeal of Florida, Second District.
July 17, 1970.
Rehearing Denied September 11, 1970.
Mark Hawes, Tampa, and C. Ray Smith, St. Petersburg, for appellant.
Daniel N. Martin, of Delzer, Edwards & Martin, Port Richey, and Adrian S. Bacon, of Bacon, Hanley & Piper, St. Petersburg, for appellees.
*459 MANN, Judge.
It speaks well for government in Florida that this is the first reported construction of a common clause that has provoked much litigation in other jurisdictions.
Appellant contracted to build a sewer line for appellee. The contract states that "all land and rights-of-way necessary for the proper completion of the work will be secured by the Owner as speedily as possible. In the event that they are not obtained as rapidly as contemplated, the Contractor shall work upon such land and rights-of-way as have been obtained and no claim whatsoever for damages by reason of any consequent delay or additional cost involved will be allowed." Appellant alleges that the appellee, despite ample authority for a quick taking under Florida Statutes c. 74 (1967), F.S.A., "negligently, wilfully and for a long time, after Plaintiff commenced work under [the] contract, did not take the reasonable and necessary steps" to acquire the rights-of-way. By its summary judgment for the appellee the trial judge determined that the contract afforded the contractor no right to recover damages.
We dispose of the polar positions first. The "no damages" clause is not void as against public policy, as a Louisiana court stated  unnecessarily to its decision, we think  in Sandel & Lastrapes v. City of Shreveport, La. App. 1961, 129 So.2d 620. But that opinion shows as well as any why it cannot be read literally, as appellee contends. There a nine-months delay was caused by the city's failure to provide five joints of concrete pipe five feet in diameter and sixteen feet long. The contract for the pipe was let at the same time as the contract for the construction of the project into which it was to be installed, but the city delayed procurement unreasonably and knew that its delay was causing damage. 129 So.2d at 625.
The cases are clear that a wilful failure to provide the right-of-way will not allow the public authority to hide behind the no-damages clause. Annotation, 10 A.L.R.2d 801. E.g., Norman Company v. County of Nassau, 27 A.D.2d 936, 278 N.Y.S.2d 719 (App.Div. 1967); Ippolito-Lutz, Inc. v. Cohoes Housing Authority, 22 A.D.2d 990, 254 N.Y.S.2d 783 (App.Div. 1964); Hallett Construction Co. v. Iowa State Highway Com'n, 154 N.W.2d 71 (Iowa 1967); Cunningham Brothers, Inc. v. City of Waterloo, 254 Iowa 659, 117 N.W.2d 46 (1962).
The question on simple negligence is closer, and in formulating a workable rule we must bear in mind that the delay can result from either a knowing or an ignorant failure. Neither party can rely unreasonably on the no-damages clause. The contractor cannot sit idly, comforted by the thought that he will either get his rights-of-way on time and earn a profit on the contract or, if delayed, obtain damages merely on account of the delay. On the other hand, the public authority cannot allow its employees to remain idle on the comfortable assumption that the no-damages clause is to be taken literally. We cannot precisely define the conceptual line to which the no-damages clause permits the authority to neglect the duties clearly assumed by it under the contract. Clearly there is some extent to which the no-damages clause would protect it against ordinary lethargy which is not counteracted by a good faith effort on the contractor's part to expedite the acquisition of rights-of-way.
We hold that this complaint states a cause of action for damages caused by the knowing delay of the public authority which transcends mere lethargy or bureaucratic bungling. City of Orlando v. Murphy, 1936, 84 F.2d 531, appears to treat the clause as barring recovery, but there was in that case no allegation of conduct on the part of the city which would come within the rule followed in the other cases cited. To the extent that that case suggests an absolute barrier to recovery we do not agree.
Reversed and remanded.
HOBSON, C.J., and LILES, J., concur.