VANDERLINDE ELECTRIC CORPORATION, Respondent, v CITY OF ROCHESTER, Appellant.

Fourth Department, November 5, 1976

*William J. Stevens, County Attorney (Charles Turner* of counsel), for appellant.

*Harris, Beach & Wilcox (James M. Hartman, J. William*

*Ernstrom, Paul J. Yesawich, III,* and *Michael C. Normoyle* of counsel), for respondent.

DILLON, J. Defendant appeals from an order of Special Term denying its motion to dismiss plaintiff's complaints for failure to state causes of action (CPLR 3211, subd [a], par 7), and on the ground that its defense is founded upon documentary evidence (CPLR 3211, subd [a], par 1). The complaints allege that defendant's unreasonable interference delayed completion of work on two projects under construction contracts, and seek damages caused by the delay.

On September 30, 1970 the parties entered into a written contract for the performance of electrical and instrumentation work on the additions to the liquid processing facilities of defendant's sewage treatment plant. Shortly thereafter plaintiff commenced work on the project. The scheduled completion date was November 16, 1973.

On October 1, 1970 the parties entered into a separate contract for similar work on the additions to the sludge processing facilities at the same plant, and performance was also begun. The scheduled completion date was November 15, 1972. Neither project was timely completed.

Defendant asserts (1) that plaintiff failed to file timely written notices of intention to make claims under the contracts and (2) that the defendant is specifically exculpated from liability by virtue of a contractual "no damage" clause. Plaintiff argues that the notices it caused to be served in 1975 and 1976 satisfy the notice requirement, and that the "no damage" clause is inapplicable.

Dealing first with the timeliness of service, General Condition 58(a) of both contracts provides, *inter alia:* "If the Contractor claims compensation for any damages sustained by reason of any act or omission of the City, its agents, or employees, or of any other person, or for any other reason whatsoever, he shall, within 5 days after such claim shall have arisen, file with the Commissioner written notice of his intention to make claim for such damages, stating in such notice the nature and amount of the damages sustained and the basis of the claim against the City. * * * The filing by the Contractor of a notice of claim * * * shall be a condition precedent * * * to the right to resort to any other remedy, proceeding, or action. The failure of the Contractor to file a notice of claim * * * shall be deemed to be a conclusive and

binding determination on his part that he has no claim against the City for * * * compensation for damages * * * and shall be deemed a waiver by the Contractor of all claims for additional compensation or for damages".

It is generally the rule that contractual limitations upon remedies will be enforced unless unconscionable *(Wilson Trading Corp. v Ferguson, Ltd.,* 23 NY2d 398, 403). In order to determine the meaning and applicability of this condition precedent, we must look to the intention of the parties. If that can be determined by the unambiguous language of the contract without resort to extrinsic evidence which is subject to conflicting inferences, it is the proper subject for judicial, rather than jury, interpretation *(Hartford Acc. & Ind. v Wesolowski,* 33 NY2d 169).

The language of the exculpatory provision mandates that the notice include the "amount of the damages sustained", a condition impossible to meet until the damages are, or reasonably should have been, ascertained. The delay and interference alleged by plaintiff to have occurred during the original contract term might well not have given rise to a claim, if plaintiff had met the scheduled completion date. Thus, we cannot conclude that notice was required within five days after particular acts of delay or interference by the defendant.

Nor can we find that the claim "arose" when the completion date was not met. Although it then must have been apparent to plaintiff that it could assert a cause of action, the distinction between an accrued claim and a cause of action has long been recognized. An accrued claim is one in which damages have accrued *(Chartrand v State of New York,* 46 AD2d 942; *Terrace Hotel Co. v State of New York,* 19 AD2d 434; *Waterman v State of New York,* 19 AD2d 264).

While defendant argues that we should not apply the "accrued claim" concept to this condition precedent, such an interpretation is consistent with its mandate that the "amount of the damages" shall be included in the notice. Moreover, this is not unlike a case of continuing injury, and the time for filing the notice does not begin to run until damages reasonably could have been ascertained *(Taylor v State of New York,* 302 NY 177, 185; *Chartrand v State of New York, supra).* That issue can only be resolved by resort to extrinsic evidence and thus a question of fact is presented for trial *(Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 172).

In so finding, we have not overlooked defendant's argument about the need for prompt written notice of any intention to make claims. It is clear from the record that defendant was fully and continuously aware of delays which stalled these projects for two and three years, respectively, beyond scheduled completion dates. While defendant urges that notice was required so that the cause of delay could be investigated and unavoidable damages thus limited, we can only conclude that defendant, with or without specific notice from plaintiff, had a continuing duty to inquire into the causes of such delay and to minimize potential damages.

Defendant's motion is also founded upon General Condition 58(d) of both contracts which provides, *inter alia:* "If, because of any act or omission of the City, or its officers, agents or employees * * * the completion of the work, or any part thereof, is necessarily delayed, without fault of the Contractor, beyond the time of completion of the work, or the particular portion thereof affected, the City shall not be liable or responsible or answerable in any way for any damage caused thereby".

"No damage" clauses are not always absolute and they must be strictly construed against the party seeking to avoid liability *(Ippolito-Lutz, Inc. v Cohoes Housing Auth.,* 22 AD2d 990). A duty is imposed upon an employer not to interfere with the prosecution of the work of his contractor, and where the employer breaches that duty, the contractor may recover his resulting damages *(Shalman v Board of Educ.,* 31 AD2d 338).

The plaintiff alleges that it was unreasonably interfered with in the performance of its contracts by the acts of the defendant, its agents, servants and employees, and that plaintiff was prevented thereby from completing the contracts on their scheduled completion dates. It alleges substantial additional increased costs, damages and expenses. On a motion made pursuant to CPLR 3211 (subd [a], par 1), the allegations of the complaint are deemed to be true and the pleading is to be liberally construed *(Norman Co. v County of Nassau,* 27 AD2d 936).

While each case of an exculpatory damage clause depends upon its own facts *(Cauldwell-Wingate Co. v State of New York,* 276 NY 365, 376), it is now well settled that "[i]f the delay or obstruction is within the contemplation of the parties at the time the contract is entered into the 'no damage' clause will be valid and enforceable unless the delay was caused by

conduct constituting active interference with the contractor's performance" *(Peckham Road Co. v State of New York,* 32 AD2d 139, 141-142, affd 28 NY2d 734; *Cauldwell-Wingate Co. v State of New York, supra).*

We cannot now determine whether the delay alleged to have been occasioned by the defendant was warranted and within the contemplation of the parties at the time of the execution of the contracts. The legal impact of the exculpatory clause, therefore, must await the development of facts *(Norman Co. v County of Nassau, supra; Ippolito-Lutz, Inc. v Cohoes Housing Auth.,* 22 AD2d 990; *Wilson & English Constr. Co. v New York Cent. R. R. Co.,* 240 App Div 479).

The defendant will not be relieved of liability if, upon the trial, plaintiff demonstrates that defendant's active, willful, unwarranted interference with plaintiff's performance of the agreement was the cause of plaintiff's damage *(Norman Co. v County of Nassau, supra; Taylor-Fichter Steel Constr. Co. v Niagara Frontier Bridge Comm.,* 261 App Div 288, affd 287 NY 669). Should plaintiff fail to meet its burden in that regard, the defendant will have the benefit of the exculpatory clause *(Norman Co. v County of Nassau, supra; Waples Co. v State of New York,* 178 App Div 357). Upon this and other relevant issues, the plaintiff is entitled to a trial.

The order should be affirmed.

MARSH, P. J., MOULE, GOLDMAN and WITMER, JJ., concur.

Order unanimously affirmed, with costs.