■ HERBERT G. MARTIN, INC., Appellant, v CITY OF YONKERS et al., Defendants and Third-Party Plaintiffs-Respondents. STEWART M. MULLER CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent. (Action No. 1) MICHAEL HARMONAY CORP., Appellant, v CITY OF YONKERS et al., Defendants and Third-Party Plaintiffs-Respondents. STEWART M. MULLER CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent. (Action No. 2.)—In two jointly tried actions *inter alia* to recover additional damages occasioned by delays in the completion of construction contracts, plaintiffs separately appeal from so much of two amended judgments (one in each action) of the Supreme Court, Westchester County, each dated May 12, 1975, as is in favor of defendants upon the second and third causes of action asserted in each of the complaints, upon the trial court's dismissal of those causes of action at the close of plaintiffs' cases, at a nonjury trial. Judg-

ments reversed insofar as appealed from, on the law, with one bill of costs to each appellant payable jointly by respondents appearing separately and filing separate briefs; the second and third causes of action in each action are severed, and new trial granted as to those causes of action and on the third-party actions. On the proof presented on plaintiffs' cases the delay, totaling 22 months, was occasioned primarily by respondents' failure to make progress with the work pursuant to the contract and, as such, was clearly "extraordinary", and hence actionable (see *Forest Elec. Corp. v State of New York,* 30 AD2d 905). Furthermore, appellants did not waive their right to assert their claim (see *Ippolito-Lutz, Inc. v Cohoes Housing Auth.,* 22 AD2d 990; *People ex rel. Wells & Newton Co. of N. Y. v Craig,* 232 NY 125). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.