■ M. D. LUNDIN Co., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (P.S. 42 MANHATTAN), Respondent.—In an action, *inter alia,* to recover damages for breach of a construction contract, plaintiff appeals (by permission), as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 18, 1978, as affirmed that portion of a judgment of the Civil Court of the City of New York, Kings County, dated September 16, 1977, which dismissed the breach of contract cause of action. Order of the Appellate Term reversed insofar as appealed from, and judgment of the Civil Court reversed insofar as it dismissed the breach of contract cause of action, on the law, and new trial granted as to the breach of contract cause of action, with costs to abide the event. The basic facts, as established on the plaintiff's direct case, are not disputed. Plaintiff and defendant were parties to a contract, whereby plaintiff was to perform construction work "to remove Health Dept. violations at Public School 42 (District 2) Borough of

Manhattan". Part of the exterior work to be done consisted of "pointing", the replacement of mortar joints between bricks. Pointing requires the hanging of a scaffold and, before a scaffold may be hung, a safety inspection must be conducted. Accordingly, on February 28, 1975 plaintiff wrote a letter to defendant asking that an inspection of the "parapets" be made to determine whether it was safe to hang a scaffold from them. On March 12, 1975 defendant wrote in reply that an examination indicated that the "parapet walls" were adequate to support a hanging scaffold. Plaintiff accordingly proceeded with its work. On or about April 14, 1975, one of the parapet walls from which a scaffold was hanging gave way. One workman was injured and subsequently died from his injuries. By letter dated April 14, 1975, defendant instructed plaintiff to discontinue work until further notice. On April 25, 1975 plaintiff wrote to defendant requesting permission to return to work in areas of the building other than where the accident had occurred. On May 6, 1975 defendant gave permission to plaintiff to resume all work except pointing. On May 28, 1975 plaintiff wrote to defendant stating that since the interior plastering and painting could not be started until the exterior work was completed, it was pointless to continue. Plaintiff requested that it be advised whether it could complete the contract work immediately, or whether defendant wished to cancel the balance of the contract. On June 27, 1975 plaintiff again wrote to defendant stating that if it could not complete the plastering and painting during the summer recess, it would ask that the balance of the contract be canceled. Thereafter, plaintiff brought a CPLR article 78 proceeding in the Supreme Court, New York County, to compel defendant to allow it to complete its contract work. The court dismissed the proceeding, holding that article 78 relief was inappropriate. Finally, on January 20, 1976, plaintiff wrote to defendant as follows: "Nine months having passed since your order to stop work pending further notification from your office and not having heard from you although repeated requests were made in writing and by telephone we are notifying you that we consider our contract breached by the Board of Education and the contract terminated. We are therefore instructing our attorney to file suit for damages incurred by this breach of contract." On April 14, 1976, one year to the day after work had been suspended, defendant wrote to plaintiff, directing it "to resume construction work at P.S. 42—Manhattan immediately and to continue work without delay until completion." On April 30 plaintiff's attorney wrote in reply that "since the Board of Education has breached the contract we do not feel that our client can be required to resume work. If you wish to discuss payment of damages, we might reconsider our position and resume work on the job." At or about the same time, the instant action was commenced. Plaintiff requested damages in the amount of $3,430, which sum represented the outstanding contract balance of $6,231, less the cost of completion, $2,801. The evidence on behalf of defendant indicated that between the date of the accident and June, 1975, investigations were conducted into the cause of the accident. On June 24, 1975 the defendant retained a contractor to repair the parapet which had given way. This work was completed on August 19. Thereafter, the board conducted tests to determine whether the remainder of the wall was safe. On February 4, 1976 a load test was conducted. On February 11, 1976 the board determined that the wall was safe. By this time, however, there was some question as to whether P.S. 42 would remain open in view of the city's developing financial difficulties, and the school was placed on a list for deferred maintenance. In fact, as early as July, 1975, the school was on a list for potential closing. As has already been indicated, the notice to resume

work was given by letter dated April 14, 1976. At this juncture in the defendant's case, the trial court granted defendant's previous motion to dismiss the complaint, which had been made at the conclusion of the plaintiff's case, on the ground, *inter alia,* that the contract between the parties barred an action for breach of contract. The Appellate Term unanimously affirmed, holding that plaintiff's action was barred by article 16 of the contract, which provides: "The Contractor shall be entitled only to an extension of time as provided herein, and The Contractor expressly agrees not to make any claim or maintain any action against the Board of Education for damages for suspension of or delay in the performance of this contract occasioned by any delays, suspensions or interruptions of his work." In our opinion, this holding was erroneous. Exculpatory or "no damage" clauses such as article 16 do not constitute an absolute bar to actions for damages. The applicable rule has been stated thusly *(Peckham Road Co. v State of New York,* 32 AD2d 139, 141-142, affd 28 NY2d 734): "Delays and obstructions are actionable if they are not within the contemplation of the parties at the time the contract is made, and that contemplation involves only such delays as are reasonably foreseeable, arise from the contractor's work itself during performance, or others specifically mentioned in the contract * * * If the delay or obstruction is within the contemplation of the parties at the time the contract is entered into the 'no damage' clause will be valid and enforceable unless the delay was caused by conduct constituting active interference with the contractor's performance". "The clause will not be deemed exculpatory to a defendant-owner where a trial demonstrates that he has actively or willfully interfered with plaintiff contractor's performance [citations omitted]" *(Norman Co. v County of Nassau,* 27 AD2d 936, 937). While the Appellate Term recognized the argument that a no-damage provision is effective as a bar to suit only where there is a good faith suspension of the work, the court concluded that the record before it did not establish any bad faith on the part of the defendant board. We believe that this was a matter for the trier of the facts. In the instant case, such evidence as was adduced prior to the dismissal of the complaint created questions of fact as to whether and to what extent the one-year delay was occasioned by defendant's active, willful or unwarranted interference with plaintiff's performance of its contract obligations. (Cf. *Vanderlinde Elec. Corp. v City of Rochester,* 54 AD2d 155.) The length of the delay itself is amply suggestive of the fact that it may have been unwarranted. Further, the testimony of defendant's own witness to the effect that as early as July of 1975 it was considering closing the school, indicates that the defendant may have had good reason to want to delay plaintiff's return to work. On this record, it was error to hold that article 16 barred plaintiff's cause of action for breach of contract as a matter of law. Inasmuch as we have been referred to no other provisions of the contract which would serve as a bar to this action, plaintiff is entitled to a new trial. We have noted defendant's argument that plaintiff is estopped from bringing the instant lawsuit by virtue of a prior judgment in an article 78 proceeding brought (unsuccessfully) to review an administrative determination by the board of review finding the plaintiff to be in default under the contract for refusing to return to work. However, inasmuch as defendant presented no evidence on this issue before the trial court and did not raise the argument on the appeal to the Appellate Term, we consider it inappropriate to raise that argument here. (Cf. *Matter of Glazer v Hankin,* 50 AD2d 924.) Damiani, J. P., Gulotta, Margett and Mangano, JJ., concur.