■ VINCENT E. ARNOLD et al., Appellants, v NEW CITY CONDOMINIUMS CORP., Respondent. (And a Third-Party Action.) — In an action, *inter alia,* to recover for damages to property on theories of breach of warranty and negligence, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), entered November 14, 1980, as directed plaintiff Ira H. Margolis to supply certain documents pursuant to a certain stipulation made by plaintiffs' counsel. Order affirmed, insofar as appealed from, with $50 costs and disbursements to respondent New City Condominiums Corp. Plaintiff Ira Margolis shall supply the documents in question within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The plaintiffs are purchasers of condominiums constructed by the defendant third-party plaintiff New City Condominiums Corp. Plaintiff Ira H. Margolis is a former member of the third-party defendant

"New City Condominiums II by its Board of Managers" (the board) and has the books and records of the board in his actual possession. A default judgment as to liability was entered against the board and against third-party defendant N.C.C. Association, Inc. Thereafter, Margolis produced the board's books and records at his pretrial examination and the plaintiffs' counsel stipulated to adjourn the examination of Margolis until a complete copy of the documents is made "so that all of the attorneys can review them completely". Plaintiffs' counsel subsequently refused to reschedule the Margolis deposition and failed to furnish the New City Condominiums Corp. with one complete copy of the documents which had been previously produced. Special Term directed Margolis to supply all documents pursuant to the stipulation made by plaintiffs' counsel and to appear to complete his examination before trial. The remaining issues raised by the plaintiffs have not been previously made and are not supported by the record on this appeal. Therefore, they are not properly before this court and may not be considered for the first time on appeal (see *Matter of Miller v Loewenberg,* 75 AD2d 620; *Lundin Co. v Board of Educ.,* 68 AD2d 881, 883; *Moses v Woodbury,* 54 AD2d 961). Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.