■ BRADLEY ENVIRONMENTAL CONSTRUCTORS et al., Appellants, v VILLAGE OF SYLVAN BEACH, Defendant and Third-Party Plaintiff. ROBERT D. CHARLEBOIS CONSULTING ENGINEER, P. C., Third-Party Defendant-Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: In their complaint against the defendant village for breach of contract in connection with a water pollution abatement project and water pollution control plant, plaintiffs in the second, third, fourth and fifth causes of action

seek damages resulting from defendant's delay in, among other things, approving shop drawings, materials, and vendors. On motion of third-party defendant, the consulting engineer, Special Term; relying on *Kalisch-Jarcho, Inc. v City of New York* (58 NY2d 377) dismissed the second, third, fourth and fifth causes of action as barred by the clause in the contract precluding recovery by the contractor for damages occasioned "by any delay on the part of the owner in doing the work or furnishing the material to be done or furnished by it." This was error. A no-damage-for-delay clause must be strictly construed against the party seeking exemption from liability because of its own fault (*Ippolito-Lutz Inc. v Cohoes Housing Auth.,* 22 AD2d 990; see *Johnson v City of New York,* 191 App Div 205, affd 231 NY 564). On the sparse record before us (containing only isolated clauses from the contract documents) it cannot be ascertained whether the type of delay alleged in the complaint was contemplated by the parties and intended to be included as delay "on the part of the owner in doing the work" (see *Peckham Road Co. v State of New York,* 32 AD2d 139, affd 28 NY2d 734). The court should arrive at the ultimate construction of the clause based on a reading of all the contract documents in the light of relevant proof pertaining to the nature of the job and the circumstances surrounding the signing of the contract (see, generally, 22 NY Jur 2d, Contracts, General Rules of Construction, §§ 187-228, particularly §§ 195, 196, 220, 221; see, also, *Norman Co. v County of Nassau,* 27 AD2d 936). (Appeal from order of Supreme Court, Oneida County, Stone, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.