## PORT CHESTER ELECTRICAL CONSTRUCTION CORPORATION, Appellant,

v.

## HBE CORPORATION and the Fireman's Fund Insurance Company, Defendants–Appellees.

### No. 261, Docket 89–7581.

United States Court of Appeals, Second Circuit.

Argued Oct. 30, 1989.

Decided Jan. 23, 1990.

James Olivero, New York City (Lawrence E. Leykam, Ross & Cohen, New York City, of counsel), for plaintiff-appellant.

Jeffrey J. Kalinowski, St. Louis, Mo. (Richard P. Sher, Ian P. Cooper, Peper Martin Jensen Maichel and Hetlage, St. Louis, Missouri and Peter Stergios, Jerrold Goldberg, Epstein Becker & Green, P.C., New York City, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, PIERCE and PRATT, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Port Chester Electrical Construction Corp. (Port Chester) appeals from a sum-

mary judgment of the United States District Court for the Southern District of New York (Wood, J.) dismissing Port Chester's action against HBE Corporation (HBE) and Fireman's Fund Insurance Company for breach of contract and quasi contract recovery. The sole issue before us is whether the district court erred in holding as a matter of law that Port Chester's claims were barred by a "no damages for delay" clause in the contract. Because we conclude that the district court did err, we reverse and remand.

HBE was the general contractor for the renovation of the Nyack Hospital in Nyack, New York. Port Chester was an electrical subcontractor of HBE. Fireman's Fund Insurance Company was HBE's surety on the project. Port Chester contends that, because of an extraordinary number of design changes, errors and stop orders, lack of timely access to work space and equipment and other infirmities on the job, its costs to complete its work were increased unreasonably to its substantial damage. In rejecting this claim, the district court relied on a clause in the contract between Port Chester and HBE which reads in pertinent part as follows:

> Contractor may, from time to time, modify or alter the work schedule, but in such an event, no such modification or alteration shall entitle Subcontractor to any increase in the consideration of the Subcontract.

The district court held that this clause "clearly and unambiguously prohibits damage claims based on delay" and precludes recovery by Port Chester. We disagree.

■■■ Our line of reasoning begins with the universally accepted proposition that contract provisions aimed at relieving a party from the consequences of his own fault are not viewed with favor by the courts. *See, e.g., Gross v. Sweet,* 49 N.Y.2d 102, 106, 424 N.Y.S.2d 365, 400 N.E.2d 306 (1979); *Willard Van Dyke Productions, Inc. v. Eastman Kodak Co.,* 12 N.Y.2d 301, 304, 239 N.Y.S.2d 337, 189 N.E.2d 693 (1963); 4 *Williston on Contracts, Third Edition* § 602A. Accordingly, such provisions are construed strictly against the party seeking exemption from liability. *See Gross v. Sweet, supra,* 49 N.Y.2d at 106, 424 N.Y.S.2d 365, 400 N.E.2d 306; *Willard Van Dyke Productions, Inc. v. Eastman Kodak Co., supra,* 12 N.Y.2d at 304, 239 N.Y.S.2d 337, 189 N.E.2d 693; *Sanford v. Brown Bros. Co.,* 208 N.Y. 90, 96–97, 101 N.E. 797 (1913). "Words intended to exempt a party from liability because of its own fault are to be construed strictly against it." *Wilson & English Construction Co. v. New York Central R.R. Co.,* 240 A.D. 479, 483, 269 N.Y.S. 874 (1934). Thus, although "no damages for delay" clauses are recognized as valid in New York, *see Corinno Civetta Construction Corp. v. City of New York,* 67 N.Y.2d 297, 309, 502 N.Y.S.2d 681, 493 N.E.2d 905 (1986), they must be construed strictly against the party seeking exemption from liability resulting from his own fault. *Forward Industries, Inc. v. Rolm of New York Corp.,* 123 A.D.2d 374, 376, 506 N.Y.S.2d 453 (1986) *(mem.); Ippolito-Lutz, Inc. v. Cohoes Housing Authority,* 22 A.D.2d 990, 254 N.Y.S.2d 783 (1964) *(mem.).* Construed in this manner, the clause at issue herein does not "clearly and unambiguously prohibit damage claims based on delay."

The clause provides that HBE may modify or alter the "work schedule" but that a modification or alteration of the work schedule will not entitle Port Chester to any increased payment. When used with reference to time of performance, the word "schedule" has a definite and well-established meaning. It is a tabular statement of the time of projected operations and refers to what is supposed to be done at a particular time, not what is actually done. *Bakkensen v. John Hancock Mutual Life Ins. Co.,* 222 Or. 484, 492, 353 P.2d 558 (1960). Webster defines it as a "written plan or proposal for future procedure typically indicating the objective proposed, the time and sequence of each operation, and the materials required. . . ." *See Webster's Third New International Dictionary* 2028. In accordance with this well-established meaning, the prepayment of a portion of a scheduled payment required by former section 1639 of Title 15 U.S.Code (the Truth in Lending Act) has been held

not to change the "schedule" of payments. *Bailey v. Defenbaugh & Co.*, 513 F.Supp. 232, 238–39 (N.D.Miss.1981). So also the acceleration of the unpaid balance of a loan upon default has been held not to be a "scheduled" payment under the Act. *Bartlett v. Commercial Federal Savings and Loan Ass'n*, 433 F.Supp. 284, 287 (D.Neb. 1977). A scheduled airline passenger service is one that is "appointed or designated to be performed at a fixed time in the future." *Dorsey v. State Mutual Life Assurance Co.*, 238 F.Supp. 391, 397 (N.D.Ga. 1964), *aff'd*, 357 F.2d 600 (5th Cir.1966).

A passenger may be damaged by a plane's failure to adhere to a scheduled flight time although the "schedule" has not been modified in any way. Likewise, Port Chester may have been damaged substantially by being delayed in the performance of its duties without there having been any modification or alteration of the "work schedule." Indeed, it is not at all unlikely that Port Chester's complaints are based, in part at least, upon its inability to complete its work according to "schedule." Had HBE intended to insulate itself against all claims on account of delay, it would have been a simple matter for it to say so. Its reference to "schedule" changes did not accomplish this result.

We find support for this holding from the clause in the general contract between HBE and the Hospital which states in substance that HBE's subcontracts should contain provisions requiring all claims for damages for delays to be submitted to HBE in sufficient time so that HBE could comply in the manner provided in the main contract for like claims by HBE upon the owner. We note further that the subcontract between Port Chester and HBE incorporates the conditions of the general contract. Although the subcontract between Port Chester and HBE also provides that, if there is any inconsistency between the main contract and the subcontract the subcontract shall govern, there is no inconsistency in the instant case if the provision at issue in Port Chester's subcontract is held not to be a broad "no damages for delay" clause. Recognizing that apparently conflicting contract provisions should be reconciled whenever this reasonably can be done,

*see Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390, 395–96 (2d Cir.1985), we hold that the fact that the main contract discusses the filing of subcontractors' claims for delay supports Port Chester's contention that the clause in its contract dealing with the modification of work schedules was not intended to be a "no damages for delay" clause.

Because we hold that the district court erred in deciding summarily that the clause at issue was a "no damages for delay" clause, we need not reach the question whether the delays Port Chester encountered fell within any of the exceptions to the ban against recovery of damages that are set forth in *Corinno Civetta Construction Corp. v. City of New York, supra*, 67 N.Y.2d at 309, 502 N.Y.S.2d 681, 493 N.E.2d 905. We likewise do not reach the question whether HBE waived its right to rely on the clause as precluding claims for delay damages.

Having concluded that Port Chester's claims were barred by the clause at issue herein, the district court did not address HBE's two alternative arguments for dismissal. The first argument was based on an alleged inability of Port Chester to allocate costs and damages arising from the various sources of delay. The second argument was based on Port Chester's alleged failure to comply with the notice of claim provisions contained in the contract. Although the district court's failure to consider these arguments would not preclude us from relying on them as grounds for affirmance, *see Heimbach v. Chu*, 744 F.2d 11, 13 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985), we are satisfied that, because both arguments invoke unresolved factual issues, neither of them presents a proper ground for summary judgment disposition.

In sum, we hold that the district court's grant of summary judgment was error. We reverse the judgment and remand to the district court for further proceedings consistent with this opinion.