PER CURIAM.
The Artec Group, Inc. (Artec), and Louis Sanchez appeal the dismissal with prejudice of their second amended complaint against the City of Tampa. We affirm the dismissal of counts two through four, but reverse the dismissal of count one and remand for further proceedings in which Artec should be permitted to file an amended pleading.
After a controversy involving the adequacy of its bid, Artec obtained a contract from the City of Tampa to relocate and renovate the City’s cable communications offices. The project, identified as City Project No. 6121, suffered many difficulties and delays. Ultimately, Artec filed this lawsuit against the City for breach of contract. Mr. Sanchez is alleged to be the “principal” behind Artec. He maintains that the City treated his corporation unfairly because he is Hispanic. In counts two and three he attempts to transform the contractual dispute between the municipality and the corporation into a civil rights violation, and count four alleges missing documentation relating to counts two and three.
We conclude that the trial court correctly dismissed counts two through four with prejudice because Artec and Mr. Sanchez faded to allege any cause of action for violation of a constitutionally protected right. This attempt to allege a civil rights violation, however, clouded the pleadings on the breach of contract issue, and probably caused the trial court to give inadequate attention to the basic cause of action. For example, the order of dismissal purports, to rely on all forty-four of the arguments contained in the City’s motion to dismiss without further explaining its reasoning.
This court has allowed contractors to sue governmental bodies for delay damages under similar circumstances. See Southern Gulf Utils., Inc. v. Boca Ciega Sanitary Dist., 238 So.2d 458 (Fla. 2d DCA 1970). The Florida Supreme Court’s recent decision in Brevard v. Miorelli, 22 Fla. L. Weekly S665, 703 So.2d 1049 (Fla. Oct. 23, 1997), approving, Southern Roadbuilders, Inc. v. Lee County, 495 So.2d 189 (Fla. 2d DCA 1986), may make it very difficult for Artec to allege a cause of action for breach of contract. Nevertheless, given the length of the contract and the complexity of the factual claims, we cannot conclude at this stage that Artec is without a cause of action. On remand, Artec should be given a final opportunity to allege specific breaches of the contract that resulted in damage.
*1134 Affirmed in part, reversed in part, and remanded.
DANAHY,[1] A.C.J., and ALTENBERND and WHATLEY, JJ., concur.