752 So.2d 143 (2000)
AJAX PAVING INDUSTRIES, INC., a Florida corporation, Appellant,
v.
CHARLOTTE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 2D98-4105.
District Court of Appeal of Florida, Second District.
March 10, 2000.
Mark A. Draper and Darol H.M. Carr, Punta Gorda, for Appellant.
W. Cort Frohlich, Port Charlotte, for Appellee.
W. Robert Vezina, III, and Mary M. Piccard, Tallahassee, for Florida Transportation Builders' Association, Inc., Amicus Curiae.
SALCINES, Judge.
Ajax Paving Industries, Inc. ("Ajax"), a road building contractor, appeals a final *144 judgment of dismissal in favor of Charlotte County, Florida. The judgment was based upon the trial court's determination that Ajax's cause of action was barred by the doctrine of sovereign immunity. We reverse.
On November 29, 1994, Ajax entered into a written agreement with Charlotte County for the construction of a roadway. The contract was known as the El Jobean Road Extension Project. One portion of the contract stated that 44,986 cubic yards of excavation borrow or fill would be necessary to construct the roadway in accordance with the plan template. Despite this representation, Ajax was forced to use 87,537 cubic yards of excavation borrow to construct the project to the plan template. At the time the additional excavation borrow was being added to the project, Ajax alleged that it gave oral and written notice to Charlotte County of the error in plan quantity and of its intent to be compensated for the additional excavation borrow provided to the project. Ajax made demand for full payment for the additional materials provided, but Charlotte County refused to pay.
In its complaint, Ajax also alleged that due to Charlotte County's error in plan quantity for the excavation borrow, it was delayed in the construction, production, and completion of the project. Additionally, Ajax was delayed in completing the project due to Charlotte County's failure to timely acquire the required drainage easements; by its failure to timely resolve an issue regarding the relocation of a water main; by its failure to timely redesign certain portions of the drainage system, certain elevations, and limits of the project; and, by its failure to timely execute change orders. Ajax alleged that it gave both oral and written notice to Charlotte County that it was being damaged by these inactions and that it intended to be compensated for the delay damages.
Charlotte County filed a motion for summary judgment based upon the doctrine of sovereign immunity. The trial court cited Southern Roadbuilders, Inc. v. Lee County, 495 So.2d 189 (Fla. 2d DCA 1986), and County of Brevard v. Miorelli Engineering, Inc., 703 So.2d 1049 (Fla.1997), in support of its order finding Ajax's claims to be barred and granting the motion for summary judgment. It entered a final judgment dismissing Ajax's claims with prejudice.
The trial court's reliance upon Southern Roadbuilders and Miorelli was misplaced. The plaintiffs in those cases sought damages for claims not covered by the original written contract. Therefore, the claims were barred by the doctrine of sovereign immunity. In the present case, Ajax was seeking damages for work and materials clearly addressed in the original written contract between the parties. The additional excavation borrow Ajax provided was necessitated by Charlotte County's error in its original plan quantity. This provision was part and parcel of the contract in which another provision promised not to demand a quantity unreasonably disproportionate to any stated estimate.
The supreme court in Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4, 5 (Fla.1984), held "that where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract." The holding is applicable "to suits on express, written contracts into which the state agency has statutory authority to enter." Id. at 6. The present case involved a contract dispute concerning the additional excavation borrow. Summary judgment based on sovereign immunity should not have been granted.
In relation to Ajax's allegations concerning delay damages, this court notes that in construction contract law, an owner has an implied obligation not to hinder or obstruct performance by the other person, an implied obligation not to knowingly delay unreasonably the performance of duties under the contract, and an implied *145 obligation to furnish information which would not mislead prospective bidders. See Miorelli, 703 So.2d at 1050-1051. Contractors have previously been allowed to sue governmental bodies for delay damages "caused by the knowing delay of the public authority which transcends mere lethargy or bureaucratic bungling." Southern Gulf Utils., Inc. v. Boca Ciega Sanitary Dist., 238 So.2d 458, 459 (Fla. 2d DCA 1970). See Artec Group, Inc. v. City of Tampa, 703 So.2d 1133 (Fla. 2d DCA 1997). Ajax must be allowed to pursue this cause of action.
Accordingly, the order granting summary judgment and the final order dismissing Ajax's complaint must be reversed.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and THREADGILL J., Concur.